IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JENNIFER A. REED        :
                        :
         Plaintiff,     :
                        :         C.A. No. 05-250 GMS
     v.                 :
                        :
J. P. MORGAN CHASE, INC. :
                        :
         Defendant.     :

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Chase Bank USA, National Association ("Defendant" or "Chase"), incorrectly named herein as J. P. Morgan Chase, Inc., by its counsel, submits the following Answer to Plaintiff's Complaint (the "Complaint"), filed in this matter:

1. Denies the allegations in Paragraph 1 of the Complaint.

2. The allegations in Paragraph 2 of the Complaint constitute jurisdictional invocations to which no response is required. To the extent that a response is required, the allegations in Paragraph 2 are denied.

3. The allegations in Paragraph 3 of the Complaint constitute invocations as to venue to which no response is required. To the extent that a response is required, the allegations in Paragraph 3 are denied.

## PARTIES

4.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and therefore they are deemed denied, except states, on information and belief, that Plaintiff is a female.

5.  Denies the allegations in Paragraph 5 of the Complaint. Defendant states that it is a subsidiary of CMC Holdings Delaware Inc. which is a subsidiary of J.P. Morgan Equity Holdings, Inc., which is a subsidiary of JPMorgan Chase & Co. (JPMC). Defendant further states that JPMC has principal offices in New York and is a leader in banking and financial services.

6.  The allegations in Paragraph 6 of the Complaint constitute conclusions of law to which no response is required. If a response is required, the allegations are denied.

## FACTS COMMON TO ALL COUNTS

7.  Denies the allegations in Paragraph 7 of the Complaint, except states that Plaintiff began her employment with Chase on or about August 12, 1998.

8.  Denies the allegations in Paragraph 8 of the Complaint.

9.  Denies the allegations in Paragraph 9 of the Complaint.

10. Denies the allegations in Paragraph 10 of the Complaint.

11. Denies the allegations in Paragraph 11 of the Complaint, except states that Plaintiff and Ms. Elder met in or about January 2003.

12. Denies the allegations in Paragraph 12 of the Complaint.

13. Denies the allegations in Paragraph 13 of the Complaint.

14. Denies the allegations in Paragraph 14 of the Complaint.

15. Denies the allegations in Paragraph 15 of the Complaint.

16. Denies the allegations in Paragraph 16 of the Complaint.

17. Denies the allegations in Paragraph 17 of the Complaint.

18. Denies the allegations in Paragraph 18 of the Complaint.

19. Denies the allegations in Paragraph 19 of the Complaint.

20. Denies the allegations in Paragraph 20 of the Complaint.

21. Denies the allegations in Paragraph 21 of the Complaint.

22. Denies the allegations in Paragraph 22 of the Complaint.

23. Denies the allegations in Paragraph 23 of the Complaint.

24. Denies the allegations in Paragraph 24 of the Complaint

25. Admits that on or about March 12, 2003, Plaintiff had a meeting with her manager, Chris Dotts, concerning a report that he had received reflecting that Plaintiff had improperly accessed a celebrity account.

26. Denies the allegations in Paragraph 26 of the Complaint, except admits that the celebrity account improperly was accessed on or about February 13, 2003.

27. Denies the allegations in Paragraph 27 of the Complaint.

28. Denies the allegations in Paragraph 28 of the Complaint.

29. Denies the allegations in Paragraph 29 of the Complaint, except states that Plaintiff sent a letter to Vicky Rowley dated March 14, 2003.

30. Denies the allegations in Paragraph 30 of the Complaint.

31. Denies the allegations in Paragraph 31 of the Complaint and states that Plaintiff never complained about sexual harassment.

32. On information and belief denies the allegations in Paragraph 32 of the Complaint.

33. Denies the allegations in Paragraph 33 of the Complaint, except states that Plaintiff was terminated in or about May 2003 for violating company policy.

## EEOC PROCEEDINGS

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and therefore they are deemed denied.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and therefore they are deemed denied.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and therefore they are deemed denied.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and therefore they are deemed denied.

## COUNT I - SEX DISCRIMINATION/SEXUAL HARASSMENT

38. Defendant repeats and realleges the foregoing paragraphs as though set forth fully herein.

39. Denies the allegations in Paragraph 39 of the Complaint.

40. Denies the allegations in Paragraph 40 of the Complaint.

## COUNT II - RETALIATION

41. Defendant repeats and realleges the foregoing paragraphs as though set forth fully herein.

42. Denies the allegations in Paragraph 42 of the Complaint.

43. Denies the allegations in Paragraph 43 of the Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Court enter judgment in its favor and against Plaintiff Jennifer Reed and award Defendant costs and attorneys' fees together with such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

Defense asserts that it bears the burden of proof only on those matters set forth as affirmative defenses in Rule 8(c) of the Federal Rules of Civil Procedure. Defendant sets forth its affirmative defenses to Plaintiff's claims as follows:

### First Defense

44.     Plaintiff's claims are barred by her own conduct.

### Second Defense

45.     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, estoppel and unclean hands.

### Third Defense

46.     Defendant has a policy against sex-based discrimination and harassment and a reasonable and available procedure for handling complaints thereof, which provides for prompt and effective responsive action. Defendant has exercised reasonable care to prevent and correct promptly any unlawful behavior. To the extent the plaintiff failed to utilize or otherwise avail herself of this policy and procedure, her claims of alleged sex discrimination are barred. In addition, to the extent that the plaintiff has otherwise failed or has acted unreasonably to avoid the alleged harm which she claims to have suffered her claims are barred.

### Fourth Defense

47.     Plaintiff's claims are barred by her failure timely to exhaust administrative remedies.

### Fifth Defense

48.     Plaintiff has the duty to mitigate her alleged losses (her entitlement to recovery for which is expressly denied); alternatively, any claim for relief must be set off and/or reduced by wages, compensation, pay and benefits, or other earnings or remunerations, profits, and benefits received by plaintiff.

### Sixth Defense

49.     Plaintiff's Complaint, or portions thereof, fails, in whole or in part, to state a claim upon which relief may be granted or upon which the damages sought can be awarded.

### Seventh Defense

50.     Plaintiff's claim for punitive damages is barred because any imposition of punitive damages under any of the claims would constitute a denial of due process under the United States Constitution and the Constitution of the State of Delaware.

### Eighth Defense

51.     Plaintiff's Complaint, in whole or in part, is barred by the statute of limitations.

**Ninth Defense**

At all times relevant hereto, Defendant acted in good faith and have not violated any rights which may be secured by Plaintiff under any applicable federal, state or local law, rule, regulation or guideline.

**Tenth Defense**

Any and all actions taken by Defendant with respect to Plaintiff's employment were based on legitimate, non-discriminatory business reasons and were with any discriminatory animus.

_____
Rebecca L. Butcher, Esquire
Landis Rath & Cobb LLP
919 Market Street, Suite 600
P.O. Box 2087
Wilmington, DE 19899

Of Counsel:
M. Frances Ryan, Esquire
Thomas K. Johnson, II, Esquire
Andrew Lippstone, Esquire
DE Attorney Identification No. 4117
Dechert LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103-2793

Attorneys for JPMorgan Chase & Co.

CERTIFICATE OF SERVICE

I, Andrew H. Lippstone, hereby certify that on June 20, 2005, I caused a true and correct copy of Defendant JPMorgan Chase & Co.'s Answer To Plaintiff's Complaint to be served upon the following via first class U.S. mail:

>Ronald G. Poliquin, Esquire
>30 The Green
>Dover, DE 19901
>
>Attorney for Plaintiff

_____
Andrew H. Lippstone
DE Attorney Identification No. 4117