IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JENNIFER A. REED, | : |
|     Plaintiff, | : |
| v. | :    C.A. No.:    05-250 GMS |
| J. P. MORGAN CHASE, INC., | : |
|     Defendant. | : |

**DEFENDANT'S RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION TO REIMBURSE EXPERT FEES**

Defendant should not be required to pay Plaintiff's expert excessive fees. Defendant subpoenaed Dr. David Fink, Plaintiff's purported medical expert, for a deposition on January 20, 2006. After both Dr. Fink and his counsel, Plaintiff's counsel, requested that the date be changed to accommodate their schedules, Defendant rescheduled the deposition for February 7, 2006. Dr. Fink's deposition lasted exactly two hours and twenty-four minutes. See Deposition of David Fink 1, 82, 124 ("Fink Dep.") (attached as Exhibit A).

Defendant reimbursed Dr. Fink for his time as required by the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 26(b)(4)(C) requires the party seeking discovery to pay the expert "a reasonable fee for time" spent at a deposition. Dr. Fink testified under oath at his deposition that his maximum fee for evaluation and forensic services was $350 per hour. Ex. A, Fink Dep., 12-13. Dr. Fink's hourly fee is sometimes as low as $50/hour. Id. Rounding up to the next highest hour and using his maximum hourly rate, Defendant reimbursed Dr. Fink $1,050 for the time that he spent at the deposition. See Letter to David Fink from Thomas K. Johnson, II dated February 14, 2006 (attached as Exhibit B).

Plaintiff's counsel, without discussing the matter with Defendant's counsel, has now filed a motion to compel Defendant to reimburse Dr. Fink for a total of $3500. But, Plaintiff's request is unreasonable and ignores the plain language of Dr. Fink's testimony and the Federal Rules of Civil Procedure. Dr. Fink testified that his maximum fee was $350 per hour. Nevertheless, Plaintiff is attempting to recover more than $1150 per hour for Dr. Fink's time. Dr. Fink is not entitled to a windfall for appearing at his deposition.

WHEREFORE, Plaintiff's Motion to Reimburse Expert Fees should be denied and Plaintiff required to pay Defendant's reasonable attorney's fees and costs associated with responding to Plaintiff's frivolous motion.

Rebecca L. Butcher, Esquire
DE Attorney I.D. No. 3816
Landis Rath & Cobb LLP
919 Market Street, Suite 600
P.O. Box 2087
Wilmington, DE 19899

M. Frances Ryan, Esquire
Thomas K. Johnson, II, Esquire
Andrew Lippstone, Esquire
DE Attorney I.D. No. 4117
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
215-994-4000

Attorneys for Defendant Chase Bank USA, National Association