IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JENNIFER A. REED,

    Plaintiff,

v.

J. P. MORGAN CHASE, INC.,

    Defendant.

C.A. No.:   05-250 GMS

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION
IN LIMINE TO PRECLUDE PLAINTIFF AND HER COUNSEL
FROM PRESENTING OR MAKING REFERENCE TO
ANY ARGUMENT, EVIDENCE OR TESTIMONY
CONCERNING CHRISTOPHER DOTTS'
CRIMINAL HISTORY**

This is a case about whether or not Chase Bank USA, National Association, ("Defendant" or "Chase"), incorrectly named in the Complaint as "J. P. Morgan Chase, Inc.," discriminated against the Plaintiff on the basis of her sex. Chase is the only Defendant. At his deposition of Christopher Dotts, Plaintiff's counsel asked a number of questions about Mr. Dotts' August 2004 arrest for two misdemeanors,

disorderly conduct and resisting arrest. Deposition of Christopher Dotts, 27-39 (attached hereto as Ex. A). Mr. Dotts was Plaintiff's supervisor at Chase and is expected to testify at trial. Chase now believes that the Plaintiff may attempt to introduce evidence of Mr. Dotts' criminal history.

This evidence should be excluded for several reasons. First, the introduction of prior bad acts to malign a person's character is prohibited. Fed. R. Evid. 404. Second, there is no indication that Mr. Dotts was actually convicted of a crime. Fed. R. Evid. 609(a)(1)(prohibiting a witness' credibility from being attacked through the introduction of evidence of a past criminal *conviction* unless the probative value outweighs the prejudicial effect). Introduction of mere arrests or charges, even if established in this case, is prohibited. See, e.g., Medrano v. City of Los Angeles, 973 F.2d 1499, 1507 (9th Cir. 1992)(stating that an arrest is not equivalent to a conviction for Rule 609 purposes); United States v. Abadie, 879 F.2d 1260, 1267 (5th Cir. 1989)(finding arrests of witnesses inadmissible because none resulted in a conviction). Third, there is no indication that any alleged acts by Mr. Dotts were either punishable by death or imprisonment in excess of one year or involved dishonesty or a false statement. Fed. R. Evid. 609(a). Fourth, these acts occurred after Plaintiff was terminated by Chase and are thus completely irrelevant to Plaintiff's sex discrimination claim. Fed. R. Evid. 609(a)(2); Fed. R. Evid. 402. Moreover, Plaintiff's introduction of this evidence would only serve to unfairly prejudice the jury against Chase and waste

Court's time. Fed. R. Evid. 403. Therefore, the Court should preclude Plaintiff and her counsel from mentioning Mr. Dotts' criminal history.

*[signature]*
Rebecca L. Butcher, Esquire
DE Attorney I.D. No. 3816
Landis Rath & Cobb LLP
919 Market Street, Suite 600
P.O. Box 2087
Wilmington, DE 19899

M. Frances Ryan, Esquire
Thomas K. Johnson, II, Esquire
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
215-994-4000

Attorneys for Defendant

Dated: May 8, 2006