IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JENNIFER A. REED, :
 :
  Plaintiff, :
 :
 v. : C.A. No.: 05-250 GMS
 :
J. P. MORGAN CHASE, INC., :
 :
  Defendant. :

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE TO PRECLUDE PLAINTIFF AND HER COUNSEL FROM PRESENTING OR MAKING REFERENCE TO ANY ARGUMENT, EVIDENCE OR TESTIMONY CONCERNING NAZIH KAZZAZ'S CRIMINAL HISTORY**

This is a case about whether or not Chase Bank USA, National Association, ("Defendant" or "Chase"), incorrectly named in the Complaint as "J. P. Morgan Chase, Inc.," discriminated against the Plaintiff on the basis of her sex. Chase is the only Defendant. At his deposition of Nazih Kazzaz, Plaintiff's counsel asked a number of questions about Mr. Kazzaz's history, including questions regarding an incident in the late 1980s or early 1990s involving the receipt of stolen property. Deposition of Nazih Kazzaz ("Kazzaz Dep."), 22-24 (attached hereto as Ex. A). Mr. Kazzaz was Plaintiff's coworker at Chase and is expected to testify at trial. Chase

now believes that Plaintiff may attempt to introduce evidence of Mr. Kazzaz's alleged criminal history.

This evidence should be excluded for several reasons. First, some or all of the alleged acts occurred more than ten years ago, and are thus presumptively inadmissible. Fed. R. Evid. 609(b); see, e.g., Kazzaz Dep. at 10, 23 (noting that one alleged event occurred while Mr. Kazzaz owned a pizza store in the late 1980s to early 1990s). Second, there is no indication that Mr. Kazzaz was actually convicted of a crime. Fed. R. Evid. 609(a)(1)(prohibiting a witness' credibility from being attacked through the introduction of evidence of a past criminal *conviction* unless the probative value outweighs the prejudicial effect). Introduction of mere arrests or charges, even if established in this case, is prohibited. See, e.g., Medrano v. City of Los Angeles, 973 F.2d 1499, 1507 (9th Cir. 1992)(stating that an arrest is not equivalent to a conviction for Rule 609 purposes); United States v. Abadie, 879 F.2d 1260, 1267 (5th Cir. 1989)(finding arrests of witnesses inadmissible because none resulted in a conviction). Third, there is no indication that any alleged acts by Mr. Kazzaz were punishable by death or imprisonment in excess of one year. Fed. R. Evid. 609(a)(1)(requiring that the punishment be death or imprisonment in excess of one year for admissibility of crime). Fourth, the introduction of prior bad acts to malign a person's character is prohibited. Fed. R. Evid. 404. Fifth, this evidence is not relevant to either Mr. Kazzaz's truthfulness or Plaintiff's sex discrimination claim. Fed. R. Evid. 609(a)(2); Fed. R. Evid. 402. Moreover, Plaintiff's introduction of this evidence would only serve to unfairly prejudice

the jury against Chase and waste Court's time. Fed. R. Evid. 403. Therefore, the Court should preclude the Plaintiff and her counsel from mentioning Mr. Kazzaz's criminal history.

/s/ Rebecca L. Butcher
Rebecca L. Butcher, Esquire
DE Attorney I.D. No. 3816
Landis Rath & Cobb LLP
919 Market Street, Suite 600
P.O. Box 2087
Wilmington, DE 19899

M. Frances Ryan, Esquire
Thomas K. Johnson, II, Esquire
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
215-994-4000

Attorneys for Defendant

Dated:       May 8, 2006